**SCOTT PAPER COMPANY, a corporation, Plaintiff,**

v.

**FORT HOWARD PAPER COMPANY, a corporation, Defendant.**

**No. 60–C–156.**

United States District Court, E. D. Wisconsin.

May 25, 1972.

See also D.C., 343 F.Supp. 229.

---

James P. Brody, Milwaukee, Wis., Arthur G. Connolly, Wilmington, Del., Wm. R. Scott, Philadelphia, Pa., for plaintiff.

Morsell & Morsell, Milwaukee, Wis., George McAndrews, Chicago, Ill., for defendant.

## OPINION AND ORDER.

TEHAN, District Judge.

In its complaint in this action, the plaintiff, Scott Paper Company, charged the defendant, Fort Howard Paper Company, with infringement of its patent No. 2,834,809 and sought an injunction and damages. The defendant answered and asserted three counterclaims, the first seeking a declaration of invalidity and non-infringement and the second and third seeking relief allegedly for unfair trade practices and unfair competition. A trial was held on the patent aspects of the case excepting damages, following which the court determined that the patent was invalid but rejected a defense of patent misuse. Judgment was thereafter entered dismissing the complaint and granting relief on the defendant's first counterclaim to the extent that it sought judgment declaring the patent invalid. The judgment was affirmed on appeal (432 F.2d 1198) and certiorari was denied (401 U.S. 913, 91 S.Ct. 882, 27 L.Ed.2d 812).

When the trial was scheduled, the court's order, dated September 14, 1966, provided for trial of the issues raised by the complaint and answer and by the first counterclaim and reply, excepting damages, and stayed discovery as to other issues in the action. At the time of entry of judgment, the plaintiff sought a dismissal of the second counterclaim, contending that that counterclaim was premised on the same allegations as the patent misuse defense. The defendant objected to that dismissal. At a hearing concerning the form of judgment, the court ruled in part that action on the second counterclaim would be held in abeyance pending appeal, including a decision on whether the second counterclaim was disposed of. (Docket entry, January 30, 1969) The plaintiff has now reasserted its contention regarding the second counterclaim by motion for summary judgment.

The patent misuse defense is set forth in Paragraph 13 of the answer as follows:

"13. That plaintiff has misused its patent and comes into Court with unclean hands because of the allegations set forth in paragraphs 18 and 20 herein."

Paragraphs 18 and 20 thus incorporated into the patent misuse defense are the heart of the second counterclaim, which alleges in full:

"SECOND COUNTERCLAIM.

For a second counterclaim against plaintiff defendant avers as follows:

17. That jurisdiction for this counterclaim arises out of diversity of citizenship, with an amount in controversy exceeding TEN THOUSAND DOLLARS ($10,000.00), exclusive of interest and costs.

18. Plaintiff has caused to be circulated throughout the trade a large number of notices dated August 29, 1960 with respect to the present suit, said notices being directed to 'All Industrial Packaged Products Distributors' and 'To all Packaged Products Division Personnel'.

19. By reason of the notices referred to in paragraph 18 above, plaintiff has enaged in unfair trade practices and unfair competition against the defendant in that it has falsely and in bad faith represented to the trade and to customers of defendant and to prospective customers of defendant, both through said notice and through use made of said notices by its sales representatives and by oral statements of said representatives, that plaintiff has the sole right to manufacture and sell a broad line of towels and industrial wipers and that the manufacture and sale of any towels and wipers may constitute an infringement upon said patent No. 2,834,809, and by reason of said false representations plaintiff has interfered with and greatly injured defendant's business and has misused its patent.

20. Defendant avers that plaintiff maliciously sought to prevent defendant from entering the industrial wiper field by filing the complaint in the present suit, without previous warning or notice, and by substantially simultaneously releasing to the trade, in large quantities, the written notices specified in paragraph 18 above, and by means of oral statements, which statements were designed to damage defendant in its relationships with its distributors and with its customers and have, therefore, caused loss of sales and loss of reputation and standing, adversely affecting defendant's entire business and profits.

21. For the reasons hereinabove alleged in paragraphs 18, 19 and 20, and as a direct result and consequence thereof defendant has sustained loss of profits and other damages directly relating to the sale of its affected products in an amount no less than ONE HUNDRED THOUSAND DOLLARS ($100,000.00) to this date, and such damages and losses are continuing to accrue from day to day."

At the trial the defendant put in such evidence as it desired in support of its patent misuse defense and thereafter the court found and concluded as follows:

"22. On or about August 29, 1960, the plaintiff sent notices to its distributors and salesmen informing them of the filing of this action. In the notice, it stated that the patent in suit applied to its unique perf-embossed paper and the method for its manufacture and covered various Scott towels and Scott industrial wipers. The defendant contends that the plaintiff has been guilty of patent misuse by reason of the notice in claiming a scope of coverage for the patent in excess of that now claimed,[4]

4. The defendant apparently insinuates that the plaintiff has now narrowed its claim as to the scope of the patent demonstrating that it realized that the notices of August, 1960, were erroneous as to scope."

\* \* \* \* \*

"5. The defendant has failed to prove that the plaintiff has been guilty of patent misuse or of fraud or unclean hands before the Patent Office."

and that the plaintiff has been guilty

of patent misuse in pressing for issuance and enforcement of its patent with knowledge of anticipatory prior art. We do not perceive in the record any limitation of the plaintiff's claim of coverage evidencing a knowledge that its notices of August, 1960 were too broad. While the trial record was limited almost exclusively to industrial wipers, it was an industrial wiper which was charged to infringe, and we find no admission by the plaintiff, tacit or otherwise, that its patent is limited to industrial wipers contrary to the statement in its August, 1960 notice. Just as we are not satisfied that the plaintiff is guilty of inequitable conduct or unclean hands by reason of material omissions or misrepresentations in the Patent Office, we do not believe that the plaintiff has been shown to be guilty of patent misuse due to its knowledge of the prior art.

■ The first issue presented is whether we have here a strict res judicata situation or a matter of collateral estoppel. If we face the former, the judgment rendered in the patent aspect of the case is conclusive not only as to all matters which were litigated but also as to those matters which might have been litigated. Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947). If the doctrine of collateral estoppel applies, the general rule is that the judgment operates as an estoppel only as to issues actually litigated and determined. Lawlor v. National Screen Service, 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122 (1955). The crucial question in determining whether the doctrine of res judicata applies is whether the second counterclaim involves the same claim or cause of action as the affirmative defense of patent misuse.

■ Whether claims or causes of action are identical cannot be ascertained by application of a self-executing rule but involves consideration of many factors. See 46 Am.Jur.2d Judgments §§ 406–414. After careful consideration of those factors in the light of the record in this case, it is our conclusion that the claim presented in the second counterclaim is identical to that in the patent misuse defense. The subject matter of the defense and counterclaim is identical; the alleged rights of action arose at the same time out of the same acts; they depend on the same evidence for their proof; the same grounds for relief and degree of proof are involved in each.[1] The only differences are in the form of the action and the relief sought, neither of which is determinative. 46 Am.Jur.2d Judgments §§ 411 and 412. The judgment previously entered in the patent aspect of this case is conclusive as to all matters which were or could have been litigated in that trial and in our opinion, bars the defendant from relitigating the merits of the second counterclaim. This is true though the court's finding concerning patent misuse referred only to the scope of the notices complained of by the defendant. The findings dealt with the position taken by the defendant in support of its claim at and after the trial. Arguments and evidence which were not but could have been considered under the patent misuse pleading are also now foreclosed.

The defendant has argued that issues raised in its second counterclaim could not have been litigated in the patent trial by reason of the court's order of September 14, 1966. That order in no way prevented the defendant from presenting in full its patent misuse defense which, as we have stated, is identical with the merits of the second counterclaim. Its only real limitation on the defendant, insofar as the second counterclaim was concerned, was in the area of damages—the defendant was preclud-

1. This identity is so complete that the patent misuse defense expressly incorporates by reference the heart of the second counterclaim. Its failure to incorporate Paragraph 19 is not significant since Paragraph 19 merely amplifies Paragraph 18 and refers to oral statements which are also referred to in Paragraph 20.

ed from pursuing discovery or presenting evidence in that area alone. Nothing presented to us indicates any ground for a belief on the part of the defendant that presentation of its patent misuse defense, and therefore the merits of its second counterclaim, was to be limited or that the order in any way in fact hampered the defendant in presentation of that defense. Admittedly, the order was inartful in not expressly including the issues raised by the second counterclaim and reply, excepting damages, in the matters set for trial. That defect could not, however, have prejudiced the defendant in presenting those issues since it was free to, and compelled to, present its patent misuse defense.

 Assuming that the principles governing collateral estoppel or even law of the case [2] rather than res judicata are applicable here, the cause of action set forth in the second counterclaim is still barred. The gravamen of that cause of action is the propriety of the notice to the trade circulated by the plaintiff, an issue clearly decided by this court. That decision was affirmed on appeal. The oral statements complained of in the second counterclaim do not vary in substance from the notice itself and the court's ruling on the notice is determinative of the legal propriety of those statements.

While it is not necessary to our decision, we note that the general rule we stated previously regarding collateral estoppel (sometimes referred to as issue preclusion) is not invariable. Thus, it has been held that where there is reason to believe that the failure of a party to litigate an issue is an admission of the lack of validity of that party's claim, fu-

ture litigation of that claim can be precluded. Palma v. Powers, 295 F.Supp. 924 (N.D.Ill.E.D.1969). Without going into detail, it is our opinion that the record in this case establishes that the defendant, in presenting its case, vigorously presented all matters which it thought might bring success. Matters not presented which could have been offered under the patent misuse defense, and therefore the second counterclaim, were not offered, in our opinion, because the defendant admitted their lack of merit. Even under the doctrine of collateral estoppel, their presentation must be barred at this time.

For the above and foregoing reasons,

It is ordered: That the plaintiff's motion for summary judgment dismissing the second counterclaim is granted.

2. In its recent decision in Barrett v. Baylor (457 F.2d 119 decided March 14, 1972) the Court of Appeals for this Circuit enunciated the law of the case rule as follows:

"The rule of the law of the case is a rule of practice, based on sound policy that, when an issue is once litigated and decided, that should be the end of the matter. United States v. United States Smelting, Refining & Mining Co., 339 U.S. 186, 198, 70 S.Ct. 537, 94 L.Ed. 750 (1950). The unreversed decision on a question of law or fact made during the course of litigation settles that question for all subsequent stages of the suit. United States v. Swift & Co., 189 F.Supp. 885, 902 (N. D.Ill.1960), aff'd, 367 U.S. 909, 81 S.Ct. 1918, 6 L.Ed.2d 1249 (1961)."